GEORGE *v.* GEORGE.

4-4051

Opinion delivered November 18, 1935.

*John E. Miller* and *C. E. Yingling,* for appellant.

*T. E. Abington* and *Gordon Armitage,* for appellee.

BAKER, J. Evan George, appellee here, sued his brother, John L. George, appellant, to recover damages on account of an injury alleged to have been suffered on the early morning of November 23, 1932, in an automobile accident. The parties to the suit were living at

Beebe, in White County. About midnight John L. George and a Mrs. Garner, with whom he was boarding, invited Evan George to go with them upon a ride from Beebe to Austin in Lonoke County. On their return trip from Austin to Beebe, two or three miles out of Ward, in Lonoke County, while the appellant was driving at a high rate of speed, the automobile struck a cow, which caused the car to swerve from its course and run into the sidewall of a bridge, and then turn over and roll down an embankment, lodging on top of a stump. Evan George says that after he got into the car, he went to sleep and did not awake until the accident occurred.

The theory upon which this case is presented to us is that the cause of action was one voluntarily made or built up, and that the parties to the litigation were expecting the recovery to be made from an insurance company, which issued a policy of insurance upon John L. George's car. Whatever may be the suspicious circumstances and conditions prevailing at the time of the accident, we must pass that contention without extensive comment for the reason that such matters must be settled by the trial court.

Upon proper submissions of issues to the jury, the determination by a jury of the facts is binding upon us, when supported by any substantial evidence. This must be true, notwithstanding the fact that we might probably feel that we would have decided otherwise, had such issues been presented to us sitting as a trial court. We cannot believe that a discussion of the facts in this suit will be of any material benefit to the parties or to others who may now, or hereafter be interested in similar litigation, but we content ourselves with the suggestion that if the facts were properly submitted to the jury, that there was sufficient testimony to warrant the jury in determining liability. So the first proposition which we discuss is that of objections to instructions. Whatever facts we deem pertinent to a discussion of the instructions under which the cause was submitted will be stated in relation to the particular matter under consideration.

The appellee had driven with his brother on occasions before this accident, both day and night, and at the

time of the accident, according to the testimony, appellee was asleep. Of the parties in interest, only the appellee and Mrs. Garner testified. Mrs. Garner had also filed a suit for injuries, which she alleged she suffered, and it may be said she was interested in the result and trial of this case, as was the appellee, as any adverse verdict rendered might ultimately affect her chances later upon a recovery on her own part. The appellant alleges that the evidence is not sufficient, or is entirely inadequate to support the verdict of the jury in this case. We do not agree to the proposition, unless it should be determined that the plaintiff was guilty of contributory negligence, which proximately caused the injuries. Unless we should hold, as a matter of law, that the one fact, that the appellee went to sleep immediately upon his entering the car at the beginning of the trip and continued to sleep until the time of the accident, contributed to his injuries, the verdict must stand. This was an affirmative defense with no disputed fact. The effect is that we must treat the matter as one of law, or leave it open for speculation.

Mrs. Garner, a witness for appellee, testified that immediately prior to the accident, which occurred about 1 or 2 A. M., the defendant was driving about sixty miles an hour, and it was while so driving that the collision was had with the cow and the bridge. The appellee was upon the rear seat, wholly inactive in all particulars as to the operation of the automobile. He made no protest as to the speed or manner in which the appellant operated the car. Mrs. Garner testified that she protested, that the appellant to some extent slowed down the car just before the collision.

In the case of *Ragland* v. *Snotzmeier*, 186 Ark. 778, 781, 55 S. W. (2d) 923, we find a somewhat similar situation, different, however, in some of the essential facts. In the cited case, Snotzmeier testified that he had told the driver that he was going too fast, and the driver advised that he would watch out. In that case it does not appear that the driver reduced the speed of the car. Snotzmeier went to sleep, and the accident occurred while he was sleeping. It was not held in that case that the

fact Snotzmeier went to sleep was in law contributory negligence that would prevent a recovery. We say here, as a matter of law, that Evan George, was not guilty of contributory negligence simply because he went to sleep. It was not error therefore on the part of the trial court to refuse to direct a verdict for defendant upon this theory of the case.

Although we might think the verdict not supported by a preponderance of the evidence, that is not the test. If the verdict is supported by any substantial evidence, we must and do accept the verdict as the correct determination of the actual facts.

The next controversy to which we have given rather serious consideration is instruction No. 3, given by the court. Without quoting the instruction in full, let it be said that by it the court told the jury that "if the jury found from a preponderance of the evidence that the defendant was driving his car at a speed in excess of the lawful and reasonable speed, that this is *prima facie* evidence of negligence, and cast the burden upon the defendant to prove that he was exercising ordinary care, notwithstanding the violation of this law, if you find he was violating said law, and that said violation of the law was the direct or proximate cause of running into the bridge banister, and the resulting accident and the injuries resulting therefrom, if any, then you must find for the plaintiff."

It must be conceded that this instruction is open to a very serious objection in that it was a direction to the jury to find for the plaintiff upon a determination favorable to the plaintiff of the conditions therein stated, that it omitted from the jury's consideration the defendant's plea of contributory negligence. It is sufficient comment to say that ordinarily such an instruction would be erroneous and prejudicial. *St. L. I. M. & S. Ry.* v. *Rogers,* 93 Ark. 564, 126 S. W. 375, 1199. If contributory negligence was a real issue under the undisputed facts, there was error when that matter was ignored. *Temple Cotton Oil Company* v. *Skinner,* 176 Ark. 17, 2 S. W. (2d) 676; *Postal Telegraph-Cable Co.* v. *White,* 188

Ark. 361, 66 S. W. (2d) 642. Numerous authorities support the doctrine.

An instruction of this kind which is positive in its direction to the jury to return a verdict in favor of one of the parties to the litigation, omitting all references to the pleadings and testimony of the adverse party, is ordinarily erroneous. We disapprove of the form of this instruction No. 3. Here, however, since we say, as a matter of law, that simply because Evan George went to sleep he was not guilty of contributory negligence on that account under all the facts proved, therefore we must say that this particular instruction was not prejudicial. We do not conceive it to be our duty, under conditions such as we are here confronted with, to rely upon a matter of this kind as an excuse to reverse and remand. The error complained of must be more than an excuse. It must supply a reason for such reversal. If we could say in this particular case that the instruction ignores a material issue about which evidence is conflicting, and that it permits the jury, or directs the jury, to find a verdict without considering that issue, we should not hesitate to declare the error prejudicial. *St. L. I. M. & S. Ry. Co.* v. *Rogers, supra.* Further citations would only unduly extend this opinion. The rule is a fixed principle and should be followed.

It is also objected that instruction No. 2 does not tell the jury that its findings must arise from a preponderance of the evidence. There is another instruction, however, advising the jury that plaintiff must prove his case by a preponderance of the testimony. This same objection was urged as to other instructions, but that seeming error was corrected by the general instruction that plaintiff could recover only by proving his case by a preponderance of the testimony.

It is further urged that the recovery in this case for $3,500 is excessive. Appellant minimizes the effect of the testimony as we view it, and we must consider it in the light most favorable to the appellee. Here we have the testimony, not only of the appellee himself, as to his injuries and the extent thereof and the suffering occasioned on account of them, but one of the physicians who

treated him testified that the injury to his neck was permanent, and that he might continue to suffer. There is also evidence that the appellee has lost a great deal of time. If his injuries continue for any appreciable length of time, and his suffering is as detailed by him, we do not think we can say as a matter of law that the recovery is excessive. These witnesses were in the presence of the court and jury when they gave their testimony. The jurors saw each of the witnesses, observed the manner and conduct of them at the time of the trial, and must be said to have been in a better position to determine the actual value of this testimony than we are. Besides that fact, the trial judge who is not merely a moderator or a presiding chairman, has given judicial approval of this verdict, first by its acceptance when returned by the jury, and again by refusing to disturb the finding of the jury upon a motion for a new trial.

"It is duty of trial court to set aside verdict against preponderance of evidence." Crawford's Civil Code of Arkansas, § 371, pp. 302, 306. See cases there cited.

A careful examination of this entire record discloses no really prejudicial error. Since that is our conclusion we affirm the judgment of the circuit court.