MISSOURI PACIFIC TRANSPORTATION COMPANY *v.* HOWARD.

4-6037                                                    143 S. W. 2d 538

Opinion delivered October 7, 1940.

*Steve Carrigan* and *Moore, Burrow & Chowning,* for appellant.

*Wm. F. Denman,* for appellee.

SMITH, J. This appeal is from a judgment for $12,000 in favor of appellee to compensate an injury which she sustained as the result of a collision between an automobile, in which she was riding, and a passenger bus owned and operated by appellant Transportation Company.

There is a sharp and irreconcilable conflict in the testimony upon every material allegation of fact, but it is conceded that the testimony offered in appellee's behalf was sufficient to make a case for the jury.

According to the testimony offered in appellee's behalf, she and her brother and another couple were riding in a one-seat automobile. All were sober, and no member of the party had drunk anything except soft and non-alcoholic drinks. They had driven into the Town of Prescott, when appellant's bus passed them, and, in doing so, the bus scraped a fender of their car, and was then stopped immediately in front of the car without signal or warning that this would be done.

An instruction numbered 1, given at appellee's request and over appellant's objection, told the jury that if the facts were found so to be, and that appellee was injured without fault or carelessness on her part, a verdict should be returned in her favor.

On behalf of appellant the testimony was to the effect that the parties in the car were driving around on pleasure bent. They had been drinking both beer and whisky. The car was driven by appellee's brother, but was owned by a lady who was a member of the party. Among other stops made was one at a tourist camp, where the owner of the car and appellee's brother attempted to dance, but they were too inebriated to do so. Appellee remained in the car while it was parked at the camp and was seen vomiting.

If this testimony is true, the parties in the car were engaged in a joint enterprise, and the negligence of the driver would be imputed to each of them. *Albritton, Admr.* v. *C. M. Ferguson & Son,* 197 Ark. 436, 122 S. W. 2d 620.

Other testimony on the part of appellant was to the effect that the bus did not strike or pass the car, but that both the bus and the car were proceeding down the street, and the bus began to reduce its speed, on account of a railroad crossing which it was approaching, when the car ran into it.

A statement signed by appellee was offered in evidence, which attributed the collision to the fact that the brakes of the car did not hold and it ran into the bus, which they could not pass because another car was approaching from the opposite direction. This statement was made and signed while appellee was confined in the hospital. Appellee repudiated this statement, saying that it was made while she was under the influence of morphine and unaware of its recitals. This was, of course, a question of fact which is concluded by the verdict of the jury.

Upon these disputed questions of fact many instructions were given, and a number of others were refused, but none of those given declared the law in relation to the question of a common enterprise. There was sufficient testimony to require the submission of this question, and the jury should have been told that if the occupants of the car were engaged in a common or joint enterprise the negligence of its driver would be imputed to its occupants. *Albritton* v. *Ferguson, supra.*

Appellant requested the court to give an instruction numbered 14, which would have submitted this question. The request was refused and, in lieu of this instruction, the court gave another, numbered 7½, reading as follows: "If you find that the collision occurred because the driver of the car in which plaintiff was riding negligently drove his car into the rear of the bus while said bus was proceeding down the highway, you will find for the defendants."

It is insisted that the giving of this instruction 7½ cured all errors complained of in regard to the instructions, as it told the jury in effect that the plaintiff was entitled to recover unless the driver of the car was guilty

of negligence contributing to the collision. It is true, of course, that if the driver of the car was not negligent, the question of a joint or common enterprise becomes unimportant. There could be, in that event, no imputation of negligence.

But other instructions—notably appellee's instruction numbered 1—was not withdrawn or modified. This instruction stated the facts which—if established—would support a recovery. It required only that the jury should find that the driver of the bus was guilty of negligence which was the proximate cause of the collision, and that "the plaintiff herself was without fault or carelessness on her part." The instruction took no account and made no mention of the question of the negligence of the driver of the car, and permitted a recovery if it were found that the negligence of the driver of the bus was the proximate cause of the injury, and that appellee was without fault or carelessness on her part. This would not be the law if the occupants of the car were engaged in a joint enterprise and the negligence of the driver of the car was the proximate cause of the injury.

Now, it has been said that instruction numbered 7½, read by itself would eliminate that question; but it may not be read by itself, and we have no way of knowing whether the jury followed instruction numbered 1 or instruction numbered 7½. Under the instruction numbered 1 it was unimportant whether the driver of the car was negligent, provided appellee herself was without fault or carelessness.

Cases upon the effect of conflicting instructions were reviewed by Justice BUTLER in the case of *Herring* v. *Bollinger,* 181 Ark. 925, 29 S. W. 2d 676, with his usual discrimination, and the rule announced in *St. Louis, Iron Mt. & So. R. R. Co.* v. *Rogers,* 93 Ark. 564, 126 S. W. 375, 1199, was approved as follows: "An instruction which ignores a material issue in the case about which the evidence is conflicting and allows the jury to find a verdict without considering that issue, is misleading and prejudicial, even though another instruc-

tion which correctly presents that issue is found in other parts of the charge."

We conclude, therefore, that the error in instruction numbered 1, in failing to submit the question whether the driver of the car was negligent, and, if so, the effect thereof if a common enterprise existed, is not cured by instruction numbered 7½, and the judgment must, therefore, be reversed. It is so ordered, and the cause will be remanded for a new trial.

HUMPHREYS, MEHAFFY, and BAKER, JJ., dissent.