**CAPITAL TRANSP. CO. v. COMPTON.**
No. 14199.

United States Court of Appeals,
Eighth Circuit.
March 12, 1951.

Thomas C. Trimble, Jr., Little Rock, Ark. (House, Moses & Holmes and Edward B. Dillon, Jr., Little Rock, Ark., on the brief), for appellant.

James T. Gooch, Little Rock, Ark. (L. A. Hardin, Little Rock, Ark., on the brief), for appellee.

Before SANBORN, JOHNSEN and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

This is an appeal from a judgment for the plaintiff entered on a jury verdict in an action by the administrator of the estate of O. C. Compton, deceased, against the Capital Transportation Company, operating the public transportation system in Little Rock, Arkansas. The complaint in two counts, 3 Ark.Stats.1947, §§ 27–903 and 27–904, sought recovery (1) for the benefit of Compton's estate, and (2) for the benefit of Cassie Compton, his surviving widow, alleging that Compton's death was the result of injuries received in a collision, caused by the negligence of appellant, between an automobile in which Compton

was a passenger and a bus operated by the transportation company.

In its answer the transportation company denied the charges of negligence; alleged that at the time of the collision Compton and others in the automobile "were on a joint venture and on their way for the personal pleasure of all of the said persons to some point West of the place where the collision took place," that the collision was the result of the negligence of the driver of the automobile, and that by reason of the joint venture in which the occupants of the automobile were engaged the negligence of the driver of the automobile was imputable to Compton barring recovery.

The jury returned a verdict for $4,500 for the benefit of Compton's estate and a verdict of $17,000 for the benefit of Cassie Compton, the surviving widow. Within due time after the reception of the verdict and the entry of judgment, appellant moved for judgment notwithstanding the verdict or, in the alternative, for a new trial, assigning errors now relied on for reversal. The court sustained the contention as to the excessiveness of the verdict for the benefit of the widow and ordered a remittitur of $7,000 which the plaintiff below promptly accepted.

On its appeal the transportation company challenges the sufficiency of the evidence to establish the negligence of the bus operator, or to show that this negligence, if established, was the proximate cause of Compton's death which occurred on the day following the accident. Error is also assigned in the refusal of the court to charge the jury as requested by appellant and in the charge as given by the court. The verdicts of the jury are again challenged as excessive and the result of passion and prejudice.

This record presents the question whether appellant has preserved for review the sufficiency of the evidence to take the case to the jury upon the question of liability of appellant, or any of its assignments of error in the court's refusal to charge the jury as requested by appellant or in the court's charge as given. At the conclusion of appellee's evidence appellant moved for a directed verdict on the grounds that the evidence failed to establish the proximate cause of Compton's death or the negligence of appellant, that it did establish the negligence of the driver of the car, and that the driver of the car, Compton, and the other passengers were engaged upon a joint venture or joint enterprise, with the result that Compton was chargeable with the negligence of the driver and hence the appellee could not recover on either count of the complaint. The motion was denied. Whatever the merit of these contentions at this stage of the trial, the motion was waived since the appellant proceeded to introduce its evidence. Boston Insurance Co. v. Fisher, 8 Cir., 185 F.2d 977.

The record also shows that during the course of the trial both parties presented to the trial judge numerous requests in the form of instructions to the jury. Appellant presented 22 separately numbered requests.[1] Request No. 1 directed the jury to return a verdict in its favor. Requests Nos. 8, 9, 10, and 11 were based on appellant's contention that the occupants of the automobile were engaged in a joint venture at the time of the collision. These requests defined joint venture and imputed negligence, and directed the jury to return a verdict for appellant if they found from the evidence that the occupants of the car were engaged on a joint venture at the time of the accident and that the driver of the car was guilty of negligence which contributed in any manner to cause the collision or Compton's injury. These requests were definitely refused. Requests Nos. 12, 17, 21, and 22 were refused without discussion of the grounds for them and without objection of appellant.

1. In its brief appellant assigns error in the refusal to grant its requested instruction No. 23. The only reference to this instruction in the record is in appellant's motion for a new trial. Neither its submission before the jury retired, the grounds for it, the ruling upon it, nor any objection by appellant is shown in the record.

Appellant's other requests were approved in substance, but refused, the judge advising counsel that he would charge the jury in his own language. Except on the issue of joint venture appellant never objected to any of the court's rulings, tentative or final. On inquiry from appellant's counsel as to whether the burden was on him "to find out the difference between what I asked and what you give," counsel was advised that the charge would be given after the arguments of counsel to the jury, that the substance of the charge would not be finally determined until delivered, that the judge reserved the right to change any of his rulings after completion of the arguments to the jury, and that counsel would be given an opportunity to present his objections to the charge as given before the jury retired. But counsel for appellant was asked to state his objections to the charge as it was then understood. Counsel replied, "We still want to press our position as to the joint venture proposition."

In its charge the court submitted to the jury the questions of proximate cause, of negligence of the bus driver, and of contributory negligence of Compton.[2] The jury were told that the evidence was insufficient to show that the passengers in the automobile were engaged upon a joint venture or joint enterprise. At the conclusion of the charge counsel for both parties were requested to state their objections. Counsel for appellant offered one criticism on a point not involved in this appeal which the court granted. No other objection to the charge as given was offered by either party.

Rule 50 of the Federal Rules of Civil Procedure, 28 U.S.C.A., requires that a motion for a directed verdict must state the specific grounds therefor. Appellant's Request No. 1 for a directed verdict at the close of the evidence does not comply with Rule 50. The record merely shows that at some time during the trial this request was handed to the judge, that at the conclusion of the evidence it was denied without argument, discussion, or objection, and that no grounds were assigned for it.

Rule 50 was in effect in the Eighth Circuit long before the adoption of the Rules of Civil Procedure. In Mansfield Hardwood Lumber Co. v. Horton, 8 Cir., 32 F.2d 851, 852–853, it is said: "For many years this court has laid down the rule that the question whether there was any substantial evidence to support a judgment for the opposite party can be raised, so as to be reviewable, only by a motion, request for a ruling, request for a declaration of law, or other equivalent action, at the close of the evidence; that such motion, request, or other equivalent action must be based upon a specific ground or grounds stated in apt words and brought sharply to the attention of the court * * *. A general motion stating no grounds is not sufficient."

Rule 51 of the Rules of Civil Procedure provides that no party may assign as error the giving or failure to give an instruction, unless he objects thereto before the jury retires to consider their verdict, stating distinctly the matter to which he objects and the grounds of his objection. The latest decision of this court on Rules 50 and 51 is Boston Insurance Company v. Fisher, supra.

■ From the foregoing it seems too clear for argument that we are not at liberty to consider the sufficiency of the evidence on the questions of negligence of the bus driver, contributory negligence of Compton, and proximate cause, nor appellant's assignments of error in the charge to the jury as given by the court. Nor has appellant preserved for review the refusal of the court to give any of its requested instructions except those dealing with the issue of joint venture.

■ On this question as on other questions of substantive law in the case the law of Arkansas controls. There is no dispute in the evidence on which appellant relies in support of this assignment. With the exception of Compton, the passengers in the automobile, which was owned and driven by a Mr. Ainsworth, had agreed to attend a wrestling match. One of the parties to this agreement was Dumas, a

2. The answer was amended to conform to the proof.

son-in-law of Compton. Ainsworth left his home in his car in time to pick up the others. On arrival at the residence of Dumas, Compton was permitted to join the party. After the wrestling match was over, about 11 or 11:30 p. m., Ainsworth followed the line of traffic moving from the auditorium at which the match was held because this offered the most convenient method of egress. He stopped for the purchase of gasoline and then proceeded along the streets and in the direction which brought him to the point of the collision. The route followed was selected because of the request of one of the party, a Mr. Ross, to be taken home first. The accident occurred about midnight, before the party had reached Ross's residence. There was no evidence that Compton or any other member of the party had the right to select the route to be followed by Ainsworth or to control him in the management of the car or that any of them attempted to do so. Appellant says that in view of the fact that all of these parties had attended the wrestling match for their mutual pleasure and since all of them were riding around for their mutual pleasure at the time of the accident, and that Ainsworth indicated he would take anyone home as soon as requested, the parties were engaged in a joint enterprise at the time of the accident; that, at least, the question was for the jury. In support of this proposition appellant relies on Wilson v. Holloway, 212 Ark. 878, 208 S.W.2d 178; Missouri Pacific Transportation Co. v. Howard, 201 Ark. 6, 143 S.W.2d 538; Albritton v. C. M. Ferguson & Son, 197 Ark. 436, 122 S.W.2d 620.

■■ There is language in the opinions in the Holloway and Howard cases which tends to support appellant's contention. These cases, however, are in conflict with the later case of Stockton v. Baker, 213 Ark. 918, 213 S.W.2d 896, 899, where it is said: "In order for a joint enterprise to arise two fundamental and primary requisites must concurrently exist, to-wit: A community of interest in the object and purpose of the undertaking in which the automobile is being driven, and an equal right to direct and govern the movements and conduct of each other in respect thereto. If either or both of these elements is absent, there is no joint enterprise." The opinion in the Stockton case follows the earlier opinion of the Arkansas court in Lockhart v. Ross, 191 Ark. 743, 87 S.W.2d 73, which in turn was followed and applied in Albritton v. C. M. Ferguson & Son, relied on by appellant. In declining to submit to the jury the question of joint enterprise in accordance with appellant's Requests Nos. 8, 9, 10, and 11, the district judge followed Stockton v. Baker. We agree that the question was not for the jury. Even if the cases relied on by appellant upon analysis sustain its position, the resolution of this conflict in the Arkansas decisions, a question of local law, was for the district judge. Russell v. Turner, 8 Cir., 148 F.2d 562.

■ This court is committed to the rule that assignments of excessiveness in jury verdicts, as well as the contention that the verdict is the result of passion and prejudice on the part of the jury, where, as here, the argument advanced in support of passion and prejudice is the alleged excessiveness of the verdict, present nothing for review. This rule and the possible exceptions to it are discussed in the opinion in St. Louis, Southwestern R. Co. v. Ferguson, 8 Cir., 182 F.2d 949, 954, where the decisions of this and other circuits and of the Supreme Court of the United States are considered at length, and where we announced our refusal to depart from the rule of our earlier decisions as follows, 182 F.2d at page 955: "It may be that a change in the rule is desirable, to allow a general review of the question of excessiveness, such as is the practice in many state appellate courts, or with a more restrained sense of responsibility, perhaps, to permit judgment to be passed upon whether there has been an abuse of discretion by the trial court in refusing to set aside a verdict on motion for new trial. Difficulties, however, would be involved in any such practice, as Judge Learned Hand has pointed out in the Miller case, supra, [Miller v. Maryland Casualty Co.] 2 Cir., 40 F.2d [463] at page 465; and, under the concept of appellate func-

tion in jury cases which has heretofore been expressed by the decisions of the Supreme Court and in our own, the change is not one which we would feel entitled to make."

But what has been said does not finally dispose of the case. On the submission of this appeal we are presented with a motion of appellant to remand this case to the trial court on the ground of newly-discovered evidence which, in the opinion of appellant, shows that Cassie Compton, for whose benefit this action was prosecuted on the second count of the complaint, was not the lawful wife of O. C. Compton at the time of his death, and for that reason she was not at the time the case was tried entitled to the judgment on the second count, or to participate in the judgment for the benefit of his estate, or to have the action prosecuted by the administrator in her behalf; and that by the prosecution of this action the appellee has perpetrated a fraud upon appellant and upon the trial court.

In support of this motion appellant alleges that after the entry of the judgment in the court below, one Alma Mae Compton, a resident of Columbus, Ohio, notified appellant that she is the lawful widow of O. C. Compton, deceased, and as such is entitled to a widow's interest in his estate and to any recovery for the benefit of his surviving widow. Appellant asserts that it had no knowledge at the time of the trial of this action of the existence of the said Alma Mae Compton or of the claims now advanced by her, and that by the exercise of reasonable diligence it had no way to ascertain the existence of Alma Mae Compton and no reason to doubt that Cassie Compton was, as she asserted, the widow of O. C. Compton. The petition is supported by affidavits which, if true, tend to establish the claims of Alma Mae Compton and the good faith of appellant. On the submission of the case a motion of similar tenor was also presented to this court by Alma Mae Compton.

Appellee's opposition to these motions questions the jurisdiction of this court on appellant's motion, denies the charge of fraud in the trial in the district court, and asserts that Alma Mae Compton was not the wife of O. C. Compton at the time of his death, and that in any event she is barred by laches. The response is supported by an affidavit of Cassie Compton to the effect that she and O. C. Compton were married in Ohio in 1947, that she knew that O. C. Compton had been married prior to her marriage to him, that she understood that he had been divorced from Alma Mae Compton, and that she had no reason to doubt the validity of his divorce.

Obviously, the motion of appellant raises questions in respect of rights of Alma Mae Compton and Cassie Compton, as well as of appellant, which this court as an appellate court is without competence to determine. It is also obvious from the allegations in the motion to remand that in the event the claims of Alma Mae Compton are established, the recovery on the second count in this action may be and doubtless will be for an entirely different amount, and that the judgment in favor of Cassie Compton should be vacated. These questions we think may and should be determined by the trial court.

A remand of the case, however, does not require reversal of this action upon the question of the liability of appellant. The appearance of a new and different widow of Compton will have no bearing upon this issue, nor upon the amount of the judgment on the first count for the benefit of Compton's estate. We conclude that the proper action for this court is to affirm the judgment appealed from upon the question of liability of appellant, and to affirm the judgment for the benefit of the estate of O. C. Compton, deceased, both as to liability and amount. The action upon the second count of the complaint for the benefit of the surviving widow of O. C. Compton is remanded to the district court with leave to appellant to present to the district court, and for the court to consider and rule on a motion for a new trial on the ground that Cassie Compton, for whose benefit recovery on the second count was had, was not the legal widow of O. C. Compton; and with leave to the district

court, in the event that the issue is determined against Cassie Compton, to set aside the judgment on the second count and grant a new trial solely on the question of the amount of recovery.

It is so ordered.