DAVIS *v*. SELF.

4-9692                    246 S. W. 2d 426

Opinion delivered February 25, 1952.

*Mann & McCulloch,* for appellant.

*E. J. Butler,* for appellee.

WARD, J. This case involves damages resulting from a collision of appellee's truck with a taxicab belonging to appellant Davis. Self was driving his truck east on Cleveland Street [in Forrest City] and had entered the

intersection with Grant Street [before the taxicab entered the intersection]. The taxicab, driven by appellant Shidler, was proceeding north on Grant Street [which was a through traffic street] when it struck appellee's truck as it was crossing or was across the center line.

This suit was consolidated with a suit brought by Mrs. Self who was in the truck with appellee and was injured. The defendants, appellants, answered denying any negligence and in turn asked for damages against appellee. The jury verdict was in favor of Self, appellee.

Appellants urge several grounds for a reversal or modification but we find it necessary to consider only one ground, and that is the alleged error of the trial judge in giving appellee's instruction No. 1 which is as follows:

"You are instructed that if you find that the truck driven by the plaintiff, James O. Self, was in the intersection of Grant and Cleveland Streets of the City of Forrest City, Arkansas, and that the said James O. Self was then and there exercising due care and caution, even though said James O. Self had failed to stop his truck as required before entering said intersection, it was the duty of the defendant, Eunice Davis, operating her cab by and through her agent, Tommy Shidler, though said cab was operating on a through street but not yet in the intersection of Grant and Cleveland Streets, to yield the right-of-way to the plaintiff. And if you find that these were the facts and the defendants did not yield the right-of-way then your verdict should be for the plaintiffs, James O. Self and Mrs. James O. Self."

We agree that it was error for the court to give the above instruction. It was a binding instruction, and it also excluded from the jury any opportunity to consider, first, whether defendants were guilty of negligence in failing to yield the right of way, and second, whether such negligence, if any, was the proximate cause of the collision.

To uphold the above instruction, appellee relies strongly on the case of *Brown* v. *Parker*, 217 Ark. 700,

233 S. W. 2d 64, where this court approved, they say, a similar instruction, it being instruction No. 12. It must be conceded that said instruction No. 12 embodies practically the same language [admittedly applied to similar circumstances] as is used in instruction No. 1 copied above. However there is this vital difference in the two instructions: The last part of instruction No. 12 reads: "If you find that she [in this case appellant] failed to yield the right-of-way to Parker [in this case appellee] when she was under a duty to do so, and that such failure on her part was negligence, and that such negligence was the sole and proximate cause of the accident, then in that event you cannot return a verdict against Parker in this case." The language last quoted was not contained in instruction No. 1, nor was any similar language used. Specific objections were made by appellant to instruction No. 1, pointing out the defects mentioned above.

Notwithstanding the above, however, appellee contends most forcefully that (a) any defect in the instruction was cured by other instructions of the court and that (b) said instruction must be approved under the authority of *Hearn* v. *East Texas Motor Freight Lines,* 219 Ark. 297, 241 S. W. 2d 259. These contentions present difficulties and call for a review of some of our former decisions and a careful analysis of the *Hearn* case.

(a) Was instruction No. 1 cured by other instructions given by the court? It is true that other instructions followed immediately which adequately defined negligence generally, which required the jury to find negligence on the part of the defendants, and which required such negligence to be the proximate cause of the injury. Literally these latter instructions covered all the points which were left out of instruction No. 1 as objected to by appellants. The head note in *Missouri Pacific Transportation Company* v. *Howard,* 201 Ark. 6, 143 S. W. 2d 538, reads as follows:

"Instructions.—An instruction which ignores a material issue in the case about which the evidence is conflicting and allows the jury to find a verdict without considering that issue is misleading and prejudicial even

though another instruction which carefully presents that issue is found in other parts of the charge."

The headnote in *Holmes* v. *Lee,* 208 Ark. 114, 184 S. W. 2d 957, reads as follows:

"Instructions—Omission of Essential Element of Defense.—Where an instruction directs the jury to find for plaintiffs if stated conditions concur, but fails to say that contributory negligence is a defense, (as to which there was appropriate proof) it is inherently wrong and cannot be cured by correct instructions separately given."

In *Clark* v. *Duncan,* 214 Ark. 83, 214 S. W. 2d 493, where an erroneous and binding instruction was being considered the court said, at page 86:

"Being a binding instruction and being erroneous, it was therefore inherently erroneous, because it *directed* the jury to make a finding based on less than the required evidence on the issue of rescission. When an instruction is inherently erroneous and binding, it cannot be cured by a concurrent correct instruction; hence a general objection is sufficient."

(b) While it is clear from the above that our court has often held that an instruction which is defective [similar to the defect in instruction No. 1] and particularly where it is joined with a *binding* instruction, it cannot be cured by other instructions, yet, it is insisted, the *Hearn* case, *supra,* holds to the contrary, and that, since it is the most recent decision of this court, it should control here.

It is not easy to distinguish the *Hearn* case from the case at bar but, in our opinion, there is a vital difference. A careful reading of the portion of the instruction set out in the *Hearn* opinion shows that the question of negligence [on the part of appellant] was not entirely overlooked, that it was left to the jury, and that it was specifically tied in with other "facts and circumstances of the case." At least the instruction included a peg to which other facts and circumstances and also other instructions might be tied. This much cannot be said for

instruction No. 1 in the case at bar. Not only was instruction No. 1 binding but it presented no element of appellants' defense, and, for these reasons, we think it was not only erroneous and prejudicial but could not be cured by the instructions which followed.

It is obvious, both from common knowledge and from the many decisions of this court, that close questions of fact are continually arising in intersection accidents. In such cases it would seem to be the better part of wisdom not to try to include in one instruction the theory of only one litigant and at the same time make it a binding instruction. This thought is prompted by language used in the opinion in the *Brown* case, *supra,* from which we copy:

". . . Though we have approved the controverted instruction in the cases cited, there clearly may be cases in which it would be improper. Thus there might be a case in which the car that first enters the intersection does so by dashing out rapidly in front of a car that is proceeding slowly and properly toward the intersection, so that the driver of the second car has no opportunity to guard against the dangers created by the first car which suddenly and unexpectedly looms up on the intersection before him. In that situation an instruction like defendant Parker's No. 12 would definitely be incorrect."

From the above quoted language it would appear that whether it is proper or improper to give an instruction such as we have under consideration depends upon the facts in each particular case. Taking this view it seems the safer course would be to leave all doubtful questions to the jury.

Without reviewing the testimony in this case it suffices to say there is room for doubt as to which party was most at fault in not yielding the right-of-way after a situation of danger arose. Instruction No. 1 failed to properly submit this question to the jury and also contained a binding feature.

Reversed and remanded for a new trial.

Mr. Justice McFADDIN dissents.