**ZANETTI BUS LINES, INC., a corporation, Appellant,**

v.

**Billy R. HURD, Appellee.**

**No. 7805.**

United States Court of Appeals
Tenth Circuit.

May 10, 1965.

Forrest S. Blunk, of January, Gilchrist & Blunk, Denver, Colo., (Swainson & Swainson, Cheyenne, Wyo., W. Page Keeton, Austin, Tex., and Harold Scott Baile, Philadelphia, Pa., with him on the brief), for appellant.

Carleton A. Lathrop, of Lathrop, Lathrop & Tilker, Cheyenne, Wyo., (James A. Tilker, Cheyenne, Wyo., was with him on the brief), for appellee.

Before PICKETT, BREITENSTEIN and HILL, Circuit Judges.

PICKETT, Circuit Judge.

This is the second appeal from a judgment for the plaintiff in this personal injury action. On the first appeal we reversed the judgment because of a prejudicial instruction, and remanded the case for retrial solely upon the issue of liability of the defendant Zanetti Bus Lines, Inc., a corporation. Zanetti Bus Lines, Inc. v. Hurd, 10 Cir., 320 F.2d 123. The assignments of error on this appeal are (1) the evidence was insufficient to establish negligence on the part of Zanetti which was the proximate cause of the plaintiff's injuries; (2) the trial court's instructions on the duty of drivers to keep a proper lookout was erroneous, and (3) that the court erred in an instruction to the jury which it is contended restricted the issue solely to the

negligence of the driver of the Zanetti bus and eliminated the issue of proximate cause.

The relevant facts relating to the collision between the Pacific Intermountain Express truck, in which the plaintiff Hurd was riding, and the Zanetti bus driven by John Bucho, an employee of Zanetti, are set forth in detail in the former opinion and need not be repeated here. For the purpose of this decision, it suffices to say that on February 3, 1961, the P.I.E. truck was traveling in a westerly direction between the cities of Rock Springs and Green River, Wyoming, on an icy road. Two Zanetti busses were traveling in the opposite direction carrying passengers into Rock Springs. These busses were following an automobile driven by Joe Weimer. The Weimer car was having some difficulty with skidding on the icy road.[1] When it was about to meet and pass the P.I.E. truck, it skidded into the west-bound lane of traffic on the highway and was struck by the oncoming truck. Weimer was killed and the truck disabled to such an extent that it went out of control and crossed over into the east-bound lane of traffic where it was struck near its cab section by the second Zanetti bus, the driver of which was killed. Hurd, who was in the sleeping compartment of the truck at the time of the collision, received the injuries complained of here.

▇ In the former opinion we held that the speed of the bus and the failure of its driver to maintain a proper lookout was evidence of negligence sufficient to go to the jury. See Holstedt v. Neighbors, (Wyo.) 377 P.2d 181. We find no material difference in the evidence presented in the second trial on the question of negligence and therefore adhere to our former decision. Furthermore, the Wyoming Supreme Court has recently considered a number of appeals in cases growing out of the same collision, and upheld judgments against Zanetti on evidence similar to that here. Zanetti Bus Lines, Inc., a Wyoming Corporation; Pacific Intermountain Express Company, a Nevada Corporation; and Nellie Horton, Administratrix of the Estate of Joe E. Weimer, Deceased, v. Logan et al., Wyo., 400 P.2d 482.

▇ Finally it is contended that the court erred when, before submitting to the jury two forms of verdict, it stated: "You are not to consider in any way a money verdict. Your decision is restricted solely to the question of the negligence of Mr. Bucho, the driver of the second Zanetti bus." It is urged that this permitted the jury to find for the plaintiff only upon the evidence of Zanetti's negligence, without considering whether it was a proximate cause of the injury. It is quite clear that the court's statement was for the purpose of advising the jury that it was not to give consideration to the amount of damages which could be recovered by Hurd if Zanetti were found to be liable. Prior to the submission of the forms of verdict, the court had carefully defined "proximate cause", and said: "the plaintiff must show that the negligence complained of was one of the proximate causes of the injuries." With these instructions, the statement of the court to which objection is made could not have misled the jury into believing that a recovery could be had only upon a showing of Zanetti's negligence, without it being the proximate cause of Hurd's injuries.

Affirmed.

---

1. The skidding of the Weimer car was observed by the driver of the first Zanetti bus, who testified that he was traveling from 150 to 250 feet behind the Weimer car. He said that the Buick first skidded and "fish-tailed" when the P.I.E. truck was about 2000 feet away. (See Zanetti Bus Lines, Inc. v. Hurd, 10 Cir., 320 F.2d 123, 125) The witness Klein, a passenger in the second Zanetti bus, testified at the second trial that the busses were four or five hundred feet apart and driving 50 to 60 miles per hour.