OLIVER *v.* FLETCHER.

5-3624                                                          393 S. W. 2d 775

Opinion delivered September 20, 1965.

*M. V. Moody*, for appellant.

*Howell, Price & Worsham*, for appellee.

FRANK HOLT, Associate Justice. The appellant brought an action against appellee to recover damages for personal injuries inflicted upon him by appellee. Appellee responded that his actions were justified and in self-defense. A jury verdict was adverse to the appellant and he brings this appeal from the judgment on that verdict. For reversal appellant first contends that the trial court erred in refusing to give appellant's Instruction No. 9. This instruction told the jury "that the evidence is undisputed as to the fact that the Defendant committed an assault and battery upon the Plaintiff, and no complete justification therefor has been shown;" and that the appellant was entitled to an award of damages.

According to the appellee's evidence the appellant had communicated and personally voiced threats of bodily harm to appellee and his family; that on one occasion appellee's wife had to call the police when appellant appeared at their home; that appellant deliberately rammed his race car into appellee's during a stock car race in an effort to run him over the hump and off the race track; that when appellee crawled out of his car and onto the hood of appellant's and questioned him about his action, the appellant replied with an oath that he was trying to kill him and then reached toward the floor of his race car for an object, later identified as a pipe two inches in diameter and twenty-four inches long. Thereupon appellee, using his crash helmet, struck the appellant about the head causing his injuries. This evidence was corroborated by other witnesses. It was denied by the appellant who offered evidence that the attack upon him was unprovoked and occurred when he was defenseless sitting strapped in his race car following an accidental collision.

We think the trial court correctly rejected the requested instruction since the instruction, in effect, told the jury to disregard the testimony of appellee and his witnesses. This was a binding instruction and failed to incorporate appellee's theory of justification and self-defense. We have held that a binding instruction must contain all the essential conditions in the case. *Reynolds v. Ashabranner*, 212 Ark. 718, 207 S. W. 2d 304; *Phillips*

*Co-op Gin Co.* v. *Toll,* 228 Ark. 891, 311 S. W. 2d 171. An instruction which ignores a material issue about which evidence is conflicting and permits or directs a jury to return a verdict without considering that issue is erroneous. *George* v. *George,* 191 Ark. 799, 88 S. W. 2d 71.

Appellant next urges for reversal that: ''The evidence in the within case is insufficient to support the verdict. The assault upon appellant by appellee was precipitated by appellee and was not in his necessary self-defense.'' On appeal the evidence must be viewed in the light most favorable to the jury verdict. *Harkrider* v. *Cox,* 232 Ark. 165, 334 S. W. 2d 875. We do not disturb the finding of fact by a jury on conflicting evidence if there is any substantial evidence to support it. *St. Louis-San Francisco R. Co.* v. *Bishop,* 182 Ark. 763, 33 S. W. 2d 383.

In the case at bar there was ample evidence of a substantial nature upon which the jury could have based its verdict for the appellee.

The judgment is affirmed.