JULIAN MILLER AND NEDRA MILLER, D/B/A HOME FINANCE COMPANY *v.* PAT BALLENTINE

5-4125                                                411 S. W. 2d 655

Opinion delivered February 27, 1967

*William I. Prewett,* for appellant.

*Clint Huey,* for appellee.

LYLE BROWN, Justice. Julian and Nedra Miller d/b/a Home Finance Company, brought this action to

recover under a conditional sale contract. Defendant, Pat Ballentine, executed the contract in favor of Nevels Furniture Company and the latter in turn assigned and sold the contract to Home Finance Company. On its face the instrument appeared in proper form, containing a list of furniture, the time price, monthly payments, etc., payable at the office of Home Finance Company. Ballentine defended on the ground that he received no merchandise or money in consideration of his executing the contract, and that he executed it in blank as an accommodation to permit Nevels to raise some needed cash. He further alleged that Nevels was at all times an agent for Home Finance. Trial resulted in a verdict discharging Ballentine from liability.

Pat Ballentine began buying furniture on credit from Nevels in 1962. At that time Nevels was using Home Finance Company to finance credit purchases. He had been furnished Home Finance's printed forms. During 1962, Ballentine made three separate purchases and in each instance he executed a conditional sale contract, each of which was processed through Home Finance. The third contract was for a total of $1,197.60. Instead of sending his monthly payments direct to Home Finance in El Dorado, Ballentine made his payments at Nevels Furniture Company in Warren. Apparently Ballentine paid out this contract because he obtained a receipt, and later an affidavit, from Nevels to that effect. On these latter instruments Nevels further certified that he was agent for Home Finance Company. Nevels also testified that Ballentine paid his account in full.

The contract sued on is dated January 15, 1964. Home Finance claims it never received all the payments under the last 1962 contract, that Ballentine apparently bought some additional items in 1964, and the 1964 contract represented the balance of the 1962 note, along with the cost of the additional purchases.

Ballentine's explanation of the 1964 contract is en-

tirely different from the claim of Home Finance. Briefly it is this; his friend Nevels approached him for an accommodation; Nevels needed to raise some money—"two or three hundred dollars"—and asked Ballentine to sign a conditional sale contract for that purpose; he signed it in blank; Ballentine was aware that Nevels would fill in the contract, showing the purchase of furniture and the consideration, and Nevels would in turn sell the contract to Home Finance Company.

Under the evidence recited, together with other proof and circumstances in evidence, the jury could have found in favor of Home Finance under the theory that Ballentine became an accommodation endorser on the instrument, well knowing that Nevels would deliver it to Home Finance, which in turn would pay out the money; that Nevels was not Home's agent but one of many merchants who used its financing services. On the other hand, if the jury believed that Nevels was an agent and employee of Home Finance, with authority to execute contracts in its behalf, handle the collections in the Warren area, etc., and so closely connected with Home Finance that the latter was chargeable with the knowledge of the acts of its agent, then a verdict for Ballentine might be justified.

Keeping in mind the respective theories of the litigants and the possibility of a recovery for either, we examine certain instructions to which proper objection was made. Instruction No. 9 reads as follows:

"If you find from a preponderance of the evidence that the defendant, Pat Ballentine, did not receive the items of furniture as set out in the conditional sales contract, then, you are instructed there was a failure of consideration and the contract is not enforceable against the defendant, Pat Ballentine."

This is clearly a binding instruction. It makes no mention of the theory under which Home Finance could

recover, even though Ballentine did not receive the furniture. It is not unreasonable to believe that the jury gave considerable weight to this instruction. During its deliberations the foreman returned to the courtroom and requested a copy of court's instruction number 9, whereupon all the instructions were turned over to the jury.

It is inherently wrong to give an instruction which ignores a material issue in the case and allows the jury to find a verdict without considering the omitted issue. Such error cannot be cured by correct instructions separately given. *Davis* v. *Self,* 220 Ark. 129, 246 S. W. 2d 426 (1952).

Because of what we have held with regard to instruction number 9, we feel the trial court, in the event of retrial, will re-evaluate instructions numbered 6 and 7 in the same light.

Under instruction number 8 the court purports to tell the jury that under certain conditions a unilateral contract cannot be enforced. We discern no connection between a unilateral contract and the facts of this case.

An examination of the record reveals a very unusual situation in that trial counsel for Home Finance (not the same counsel on this appeal) offered no instructions. This fact could well have contributed to cause the trial court to be led into error in the instructions given.

Reversed and remanded.