Frank Lamar **GRILLIETTE,** Appellant,

v.

**ARKANSAS CEMENT CORPORATION,**
Appellee.

No. 75–1754.

United States Court of Appeals,
Eighth Circuit.

Submitted March 11, 1976.

Decided May 7, 1976.

Henry Woods, Little Rock, Ark., for appellant; James H. McKenzie, Tompkins, McKenzie, McRae & Vasser, Prescott, Ark., on brief.

Boyd Tackett, Texarkana, Ark., for appellee.

Before VOGEL and VAN OOSTERHOUT, Senior Circuit Judges, and BRIGHT, Circuit Judge.

VAN OOSTERHOUT, Senior Circuit Judge.

Frank Lamar Grilliette appeals from a judgment entered by the district court on a jury verdict. He seeks recovery for personal injuries sustained by him, allegedly as a result of the negligence of defendant Arkansas Cement Corporation.[1] The district court's jurisdiction was based upon diversity of citizenship, and the applicable substantive law is that of Arkansas. Our jurisdiction is based upon 28 U.S.C. § 1291 and Fed.R.Civ.P. 54(b).[2] In this court plaintiff complains of three allegedly erroneous and prejudicial jury instructions given by the district court and an allegedly erroneous and prejudicial reference to workmen's compensation which occurred at trial. Because we agree with plaintiff with respect to one of the instructions, we reverse.

Plaintiff's complaint alleges that he was, on December 4, 1970, an employee of one Brown & Root, Inc. Brown & Root had contracted with defendant to raze and rebuild a metal shed which housed a cement

1. The complaint named one Delta Engineering Corporation, as well as Arkansas Cement Corporation, as a party defendant. Prior to the trial of plaintiff's claim against Arkansas Cement Corporation, a summary judgment was entered in favor of Delta Engineering Company on plaintiff's claim against it. The propriety of this summary judgment is not now before this court. Since Arkansas Cement Corporation is the only defendant involved in this appeal, it is throughout this opinion referred to simply as "defendant".

2. Cross-claims were filed in this action by Arkansas Cement Corporation and Delta Engineering Corporation, each against the other. At the time this appeal was originally submitted to this court, neither had been finally adjudicated. Absent certification by the district court pursuant to Rule 54(b), Fed.R.Civ.P., the pendency of these cross-claims would deprive this court of jurisdiction of this appeal. See Sargent v. Johnson, 521 F.2d 1260 (8th Cir. 1975); Lane v. Graves, 518 F.2d 965 (8th Cir. 1975). However, following our suggestion in an order of remand dated April 1, 1976, and by reason of the fact that the cross-claims are each primarily concerned with indemnity or contribution on any recovery to which plaintiff may ultimately be entitled, the plaintiff has sought and obtained from the district court the requisite determinations and certification under Rule 54(b). With the case in this posture, we proceed to the merits of the appeal.

kiln. Shed and kiln belonged to defendant, and all work under the contract was to be performed on defendant's premises in Little River County, Arkansas. The complaint further alleges that, while plaintiff was working on the roof of the shed, in the course of his employment, the roof unexpectedly collapsed. Plaintiff allegedly fell about forty feet, thereby sustaining the injuries for which claim is made.

At trial plaintiff presented testimony by which he sought to establish, in several enumerated particulars, that his injuries were the result of defendant's negligence. We find it necessary to mention but one of these particulars, that being defendant's alleged failure to shut off or cut down the operation of the kiln while plaintiff was working on the shed. It was plaintiff's contention that this failure rendered it unsafe for plaintiff to wear a safety belt, since a safety belt would have, in the event of a fall, suspended plaintiff near or against the kiln. Since the kiln operated at high temperatures,[3] plaintiff reasoned, the injuries resulting from such a suspension would have been more severe than the injuries resulting from a fall to the ground. Thus, plaintiff concluded, had defendant shut off or cut down the kiln, plaintiff might safely have worn a safety belt and averted his injuries.

The soundness of this theory, as well as the validity of its underlying premises, was very much disputed by testimony presented by defendant.[4] However, our review of the trial transcript indicates quite clearly that this theory was among the primary bases upon which plaintiff sought to establish liability and that it was amply supported by evidence. We have little difficulty in concluding that plaintiff was entitled to submit it to the jury. Indeed, defendant does not appear to argue that he was not.

The instruction which we find incurably defective is one which in effect withdrew from the jury consideration of defendant's alleged failure to shut off or cut down the kiln as above explained. Instruction 16A was given as follows:[5]

> If you, the jury find that the roof of the shed in question was in a reasonably safe condition at the time Brown & Root undertook to remove it, and further find that the activities of Brown & Root and/or its employees in the dismantling procedure caused the roof to become unsafe; then you are instructed to return a verdict for the defendant, Arkansas Cement Corporation against the plaintiff, Mr. Grilliette and you are instructed that it would be improper for your verdict to be based on speculation.

Plaintiff correctly notes that it is possible that the roof of the shed was safe when Brown & Root commenced razing it, and that Brown & Root or its employees were negligent or otherwise caused the roof to become unsafe, *while at the same time* defendant negligently failed to shut off or cut down the kiln. Such factfindings would not compel a verdict for defendant. Yet the instruction directs such a verdict upon a determination of two inconclusive findings. The instruction was accordingly erroneous.

The effect, under Arkansas law, of a binding instruction which ignores a material issue was presented to this court in *J. C. Carlile Corporation v. Farmers Liquid Fertilizer, Inc.,* 346 F.2d 91 (8th Cir. 1965). We stated:

> The Arkansas Supreme Court has held in an unbroken line of cases, commencing before the turn of the century, that an instruction which ignores a material issue in a case about which the evidence is conflicting and allows the jury to find a verdict without considering that issue, is

---

3. Testimony conflicted as to the actual temperature on the surface of the kiln.

4. Testimony was presented by defendant indicating, *inter alia,* that a short safety belt would have suspended plaintiff safely *above* the heat, that the kiln was in fact cut down, that Brown & Root (not defendant) had the sole responsi-

bility for assuring the safety of the working conditions, that defendant would have shut off the kiln had Brown & Root so requested, and that plaintiff was countermanding express instructions in not wearing a safety belt.

5. Timely and specific objection was taken to this instruction.

misleading and prejudicial even though another instruction which correctly presents that issue is contained in other parts of the charge.

346 F.2d at 94. Arkansas case law subsequent to our decision in *J. C. Carlile* only confirms the conclusion we reached then. In *Miller v. Ballentine,* 242 Ark. 34, 411 S.W.2d 655 (1967), the Arkansas Supreme Court stated:

It is inherently wrong to give an instruction which ignores a material issue in the case and allows the jury to find a verdict without considering the omitted issue. Such error cannot be cured by correct instructions separately given.

411 S.W.2d at 656. *See also Vangilder v. Faulk,* 244 Ark. 688, 426 S.W.2d 821, 824 (1968) (dictum); *Oliver v. Fletcher,* 239 Ark. 724, 393 S.W.2d 775, 776–77 (1965); *Phillips Coop. Gin Co. v. Toll,* 228 Ark. 891, 311 S.W.2d 171, 175 (1958); *Davis v. Self,* 220 Ark. 129, 246 S.W.2d 426 (1952).

Notwithstanding the authority which we rely upon above, defendant strenuously argues that Arkansas law does permit a binding, yet issue-ignoring, instruction to be cured by proper instructions given separately. It relies in this contention upon *Hearn v. East Texas Motor Freight Lines,* 219 Ark. 297, 241 S.W.2d 259 (1951), where the Arkansas court held that an instruction on negligence which ignored the issue of proximate cause was not prejudicial, provided a separate instruction properly stated the law on proximate cause.[6] We acknowledge, as the Arkansas court did in *Davis v. Self, supra,* that *Hearn* raises some confusion in the applicable Arkansas law. However, to the extent that any advantage which defendant might derive from *Hearn* otherwise survived *Miller v. Ballentine, supra,* that advantage was distinguished away in *Davis v. Self, supra,* 246 S.W.2d at 428, wherein the Arkansas court stated:

A careful reading of the portion of the instruction set out in the Hearn opinion shows that the question of negligence

. . . was not entirely overlooked, that it was left to the jury, and that it was specifically tied in with other "facts and circumstances of the case". At least the instruction included a peg to which other facts and circumstances and also other instructions might be tied.

In contrast, and like the instruction distinguished in *Davis,* Instruction 16A is in no way tied to other facts and circumstances in this case and it provides no such "peg" as is contemplated by *Davis.* It is self-contained.

Furthermore, we have considerable doubt whether, even under a relaxed standard, the separate instructions given in this case would have cured the omission from Instruction 16A. While the other instructions do, correctly we assume, state the law of negligence, including comparative negligence, in general terms, there is no specific reference to defendant's alleged failure to shut off or cut down the kiln and thus no signal to the jury that Instruction 16A is incomplete. Accordingly, even if we liberally view the instructions as a whole, we cannot conclude that the jury could not have been misled. *Cf. Zanetti Bus Lines, Inc. v. Hurd,* 345 F.2d 140 (10th Cir. 1965).

Since Instruction 16A bound the jury to return a verdict for defendant on specified findings which did not include plaintiff's theory that his injuries were the result of defendant's negligent failure to shut off or cut down the kiln, it was erroneous and prejudicial. We accordingly reverse the judgment of the trial court and remand this case for a new trial or for other proceedings consistent with this opinion.

What has heretofore been said is dispositive of this appeal. We find it unnecessary to discuss other issues raised.

Reversed and remanded.

---

6. Defendant also relies on progeny of *Hearn. See Williams v. Cooper,* 224 Ark. 317, 273 S.W.2d 15 (1954); *Browder v. St. Louis South-* western *Ry. Co.,* 221 Ark. 773, 256 S.W.2d 333 (1953).