ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY *v.*

EVANS.

Opinion delivered July 23, 1906.

1. RAILROAD—INJURY BY OPERATION OF TRAIN—PRESUMPTION.—Where it is established that plaintiff was injured by the operation of a train, a *prima facie* presumption arises that the railroad company was negligent. (Page 20.)

2. INSTRUCTIONS—CONSTRUCTION AS A WHOLE.—An instruction that if defendant railroad company, through its employees, was negligent in the running or operation of its train which injured plaintiff, and if there was no contributory negligence on the part of plaintiff,

the jury should find for plaintiff was not objectionable for not confining the jury's attention to the particular negligence alleged in the complaint, if it was correctly limited by other instructions given. (Page 22.)

3. APPEAL—FAILURE TO ABSTRACT TESTIMONY.—Where appellant fails to abstract the testimony upon a certain issue, the court will not explore the transcript for alleged errors. (Page 23.)

Appeal from Faulkner Circuit Court; *George M. Chapline,* Judge; affirmed.

*Oscar L. Miles,* for appellant.

1. The plaintiff must be held to have seen and heard that which was plainly to be seen and heard. 4 Elliott on Railroads, § 1703; 38 S. W. 311; 65 U. S. 697; 62 Ark. 158; 65 Ark. 238.

2. Where the complaint only charges negligence in failing to ring the bell or sound the whistle, it is error to instruct the jury that from the happening of the injury the law presumes that the defendant was negligent in causing the injury, and that a *prima facie* case of responsibility against defendant was made out. Plaintiff could only recover on the ground set out in the complaint, and the mere happening of the injury creates no presumption that the bell was not rung nor the whistle blown. 4 Elliott on Railroads, § 1644.

3. The purpose of the constitutional provision with reference to the liability of railroads was to give a remedy against the *corpus* of the property for a liability already determined. 68 Ark. 171.

*Sam Frauenthal,* for appellee.

HILL, C. J. This action is for personal injuries received by a traveler on a public road crossing a railroad track. The court has had numerous cases of the kind recently. The Hitt cases—*St. Louis, I. M. & S. Ry. Co.* v. *Luther Hitt,* 76 Ark. 224, and *St. Louis, I. M. & S. Ry. Co.* v. *Robert Hitt,* 76 Ark. 227— *St. Louis, I. M. & S. Ry. Co.* v. *Dillard,* 78 Ark. 520, and *St. Louis & S. F. Ry. Co.* v. *Wyatt,* 79 Ark. 241, have called for discussion of the rules governing the respective conduct of the traveler and the operatives of the train at public crossings. This case is free of the difficulties presented in those cases.

Briefly stated, appellee's evidence tended to prove:

A string of wagons, headed by one occupied by Puckett and appellee Evans, left the town of Conway, traveling along the

Conway and Quitman public road. About two miles from Conway the highway crossed the track of appellant railroad company at a place called "the Gap." The highway was up grade to the railroad track from a branch, a distance of about 100 yards, until close to the track. For a short distance, some fifteen or twenty steps, before reaching the track the highway is level. To the west the railroad curves around a hill, so that a train from that direction can not be seen until the traveler is almost to the track, and then only to be seen a distance of 50 or 60 yards. Puckett and Evans drove up this grade slowly, stopped on the level ground close to the track, and looked and listened for approaching trains. Evans rose up from his seat, and looked both ways, and both, becoming satisfied that there was no train approaching, slowly drove on the crossing, and continued to watch as they drove on, and were caught by a rapidly moving train from the west coming around the curve. The whistle sounded just before the engine struck the wagon. Evidence of appellee also tended to show that the whistle was sounded at Doty's field, a distance of 160 rods from the crossing, but this was not heard by appellee and his companions on the other side of the hill from that point, and there were no other signals given until the alarm whistle sounded an instant before the engine struck the wagon. Evans and Puckett only saw the train after they were on the track. Puckett was driving, and as soon as he saw the train whipped up his horses, trying to get them across, but was unable to do so. The appellee and some of his witnesses were contradicted by statements in writing made to appellant's claim agent, and appellant's evidence put a different aspect to the case.

1. The first point made is the evidence does not support the verdict. Taking appellee's evidence to be true (and the jury have so found it), it presents a clear case for recovery.

2. The appellant's next point is that the only allegation of negligence is in failing to sound a whistle or ring a bell or give proper warning at a crossing, and that it was error to give an instruction stating that, if the evidence showed that the appellee was injured by the operation of the train, the law presumes the railroad company was negligent, and a *prima facie* case is made out. That such an instruction is correct has been often decided. See numerous cases cited to that effect in *Barringer* v. *St. Louis,*

*I. M. & S. Ry. Co.,* 73 Ark. 548. Appellant attempts to take the case without the rule by insisting that the presumption can not extend to the particular negligence charged in the complaint. The complaint here charges generally negligence in running the train into the wagon of appellee, as well as the particular negligent act of failing to give the statutory signals before reaching the crossing. Hence the question is of no importance in this case, if in any.

3.   Appellant contends that the presumption created by Kirby's Digest, § 6773, only reaches to a remedy against the *corpus* of the railroad property, and not against the railroad company, and appeals to *Little Rock & Ft. S. Ry. Co.* v. *Daniels,* 08 Ark. 171, to sustain this view. The Daniels case only holds that the lessor company can escape liability for injuries by the lessee company, but the *corpus* of the property can not escape the liability; and in an action to enforce the liability against the *corpus* the lessor road, which owned the property, and the lessee road which caused the injury, should both be parties. No issues of that kind are presented here.

4.   Appellant criticises this instruction:

"If you believe from the evidence that the defendant, through its employees, was negligent in the running or operation of its train, which injured the plaintiff, and that there was no contributory negligence on the part of the plaintiff, as explained in the former instructions, then your verdict will be for the plaintiff."

The objection urged is that the negligence of appellant was too broadly stated, and should have been confined to the negligence alleged in the complaint. The law of a case is usually given in many instructions—frequently too many—each presenting a particular phase of the case, and it is not expected to state the entire law of the case in one. When read with the other instructions, this would naturally be understood to be referable to the alleged acts of negligence, and not something foreign to the issues, and correct instructions were given on the negligence in issue.

5.   The next point made is on the refusal of the court to give two instructions putting the burden of proof upon the plaintiff throughout the case. They should have been refused. When the plaintiff showed that the injury was caused by the operation of

the train of appellant, that made out a *prima facie* case, and shifted the burden. See *Barringer* v. *St. Louis, I. M. & S. Ry. Co.,* 73 Ark. 548, and cases there cited.

6. Appellant complains of two instructions refused which sought to have the jury told that, if the train could have been seen or heard for 300 yards by one about to cross the track, appellee was conclusively presumed to have seen or heard the train and assumed the risk in crossing. The court properly sent to the jury the duty resting upon travelers approaching the crossing, and instructed that a failure to discharge that duty was negligence, barring their recovery. This is the proper way to dispose of this issue, except where the evidence leaves no question of fact or question about which reasonable men would differ as to the care exercised, in which event the case should be withdrawn from the jury. But this is far from such a case.

7. Appellant contends that the verdict was grossly excessive, but appellant did not abstract the testimony on that issue, and by the established practice of this court that precludes an exploration of the transcript to find the alleged error. *Shorter University* v. *Franklin,* 75 Ark. 571.

On the whole case, the court is of opinion that there is no error in the record, and the judgment is affirmed.