WESTERN COAL & MINING COMPANY v. MOORE.

Opinion delivered October 31, 1910.

1.  MASTER AND SERVANT—ASSUMED RISK.—Where an experienced miner was injured by the fall of an overhanging rock, which was defectively propped, it was error to instruct the jury that if he knew the dangerous condition of the rock but did not appreciate the danger therefrom he did not assume the risk, since if he knew that the rock was defectively propped he must also have known that it was dangerous for him to go under it. (Page 209.)

2.  INSTRUCTIONS—REFUSAL OF SPECIFIC INSTRUCTION.—It is error to refuse to give a specific instruction clearly applying the law to the facts of the case, even though the law in a general way is covered by the charge given, unless it appears that prejudice has not resulted. (Page 212.)

3.  SAME—PRESENTING APPELLANT'S THEORY.—It was error to refuse an instruction which properly presented appellant's theory of the case. (Page 212.)

4.  MASTER AND SERVANT—PRESUMPTION OF NEGLIGENCE.—In the absence of a statute to that effect, no presumption of negligence arises from the fact that an employee is injured while at his work. (Page 212.)

5.  INSTRUCTIONS—REPETITION.—It is not error to refuse to repeat instructions. (Page 212.)

6.  MASTER AND SERVANT—ASSUMED RISK.—Where a mine owner delegates to a servant the duty to inspect the car track and entries in the mine, and to report their unsafe condition to the mine foreman, and the servant neglected to perform this duty, he assumes the risk of injury from his negligence. (Page 212.)

Appeal from Crawford Circuit Court; *Jeptha H. Evans,* Judge; reversed.

*Ira D. Oglesby,* for appellant.

1.  The testimony showed that the accident occurred by reason of one of the props being knocked down by a lump of coal on

a car striking. Appellee is bound by the allegation of negligence specifically stated in his complaint. 127 S. W. 603. The negligence alleged is not sustained by the proof.

2. There was evidence to sustain instructions 9, 10, 11 and 12, requested by appellant, and they should have been given. It is error to refuse to give a specific instruction clearly applying the law to the facts of the case, even though the law in a general way is covered by the charge given. 82 Ark. 499.

*Sam R. Chew,* for appellee.

1. The proof fully sustains the verdict both as to the fact of negligence and the allegations of negligence specifically alleged.

2. Considering the instructions as a whole, they were fair to both parties, and are sustained by former decisions of this court. 44 Ark. 555; *Id.* 524; 51 Ark. 467; 48 Ark. 333; 77 Ark. 1; *Id.* 367; *Id.* 556. The modification of instruction No. 3 was warranted by the doctrine announced in 77 Ark. 367. The principles of law embodied in instructions requested by appellant are covered by those given. As to instructions 8 to 12 inclusive, there was no proof on which to predicate them. The proof shows positive knowledge on the part of appellant of the condition of the rock. Upon this proof, and the whole record, the verdict is right, and the judgment should be affirmed, even if error may have occurred in giving or refusing instructions. 10 Ark. 9; *Id.* 53; 4 Ark. 525; 26 Ark. 373; 64 Ark. 238; 72 Ark. 623.

HART, J. Idus Moore recovered judgment against the Western Coal & Mining Company for injuries sustained by him in the defendant's coal mine. The plaintiff was a driver boss for defendant, and was injured by a fall of a rock while riding upon a pit car being drawn over the track in one of the entries of the mine. The negligence alleged in the complaint is as follows:

"That said rock or stone in the roof or top of said mine and entry required props to be placed under it so as to keep said rock in place in said top or roof and prevent same from falling from said top or roof; that the defendant neglected, failed and refused to put a sufficient number of props under said rock or stone to hold it and keep it from falling; that it only kept two props under said rock or stone, and that these props were too weak and unsound to support and keep said rock from falling; that

by reason of the weakness and unsoundness of said props the said rock or stone through the weight crushed and broke said props, thereby allowing same to fall as aforesaid and injure plaintiff as aforesaid; and plaintiff says that the defendant knew of said carelessness and negligence and wrongful management, or by the exercise of ordinary care and caution upon its part could have known of said carelessness and negligence and wrongful management."

According to his testimony, the plaintiff was injured on December 29, 1908, while discharging his duties as boss driver in defendant's coal mines. He said that his duties as boss driver were to take charge of the haulage of coal, and of the drivers, mules and cars engaged in getting out the same; that he had nothing to do with the roof props, but that it was the duty of the pit boss or his assistant to inspect and look after these. The plaintiff was knocked senseless, and did not remember any of the circumstances attending the injury; but other witnesses for him testified that he was found on a loaded coal car, which was being drawn along the entry, and that he was pinned down and crushed by a rock which had fallen from the roof of the entry; that it was about two and a half feet from the roof of the entry to the top of the car where plaintiff was found; that the rock was about nine feet wide, eight feet long and averaged six inches thick. The rock extended across the roof. Under the rock was found one small prop, which was about five inches thick and about four and a half or five feet long. It had been cut about half in two where the cars had hit it. The rock before it fell rested upon two props and the "gob," which is described to be a pile of slate and other waste from the mines.

One of the plaintiff's witnesses, on cross examination, stated that there was a prop on each side of the rock and one in the center. He also testified that he had made complaint to the pit boss about the dangerous condition of the rock in question, and that the pit boss had promised to have the defect in the props repaired, but that he had not done so. This complaint was made about two and a half months before the accident happened.

On behalf of the defendant, William Powell testified as follows:

"That at the time plaintiff was injured he was a driver in defendant's mine, pulling a loaded trip along said entry, the plaintiff being on one of the loaded cars; that no other person was present at the time of the accident except plaintiff and himself. The plaintiff was injured by a rock falling upon him, which fall was caused by one of the props being knocked down by a lump of coal on one of the cars projecting over the side of the car; that one of the loaded cars of coal struck one of the props above stated and knocked it out, which caused the rock to fall and injure plaintiff; that the props under the rock had been there for some time, and the cars had all times prior to this safely passed the props, there being sufficient room between the loaded cars and the props; that he passed under the rock which fell many times during the day with loaded and empty cars; had occasion to observe the condition of the rock and of the props, and at no time saw any evidence of the rock being loose or that the props were in any way weak, unsound or insufficient to securely hold said rock and support the roof, and could have done so if this condition existed.

"The plaintiff was boss driver in defendant's mine at the time, and his duties carried him under the place where the accident occurred very frequently, and it was a part of plaintiff's duty to notice the condition of the roof and of the props sustaining same; and, if any part of the roof became loose or gave any evidence of falling, or if the props were insufficient, either as to size or number, it was plaintiff's duty to report this condition to the pit boss and have the rock secured. That he is not in the employ of defendant, or in any way interested in this suit."

The defendant also adduced other evidence tending to show that it was the duty of the boss driver to look after the entries and track; and if it is out of order or a rock found to be dangerous for drivers to pass under, it is his duty to make it safe or inform the mine foreman, so that he may do so.

The counsel for the defendant assigns as error the action of the court in giving over his objections the following instruction:

"8. If plaintiff knew of the defective and dangerous condition of the rock in question, if it was defective and dangerous, or as a reasonable, prudent and careful man ought to have known it and appreciated the danger to himself therefrom, and yet went

under or near the rock, he assumed the risk of injury, and can not recover. But if he knew, or ought to have known, that the rock was in a dangerous condition, if it was, and yet did not appreciate the danger to himself therefrom, he did not assume the danger himself, and is not barred from recovering by reason of assuming the risk."

Counsel for defendant contends that the error in the instruction is in the words, "and yet did not appreciate the danger to himself therefrom." He urged that if it was proved that the plaintiff knew of the dangerous condition of the rock in question, it could not be said that he did not appreciate the danger to himself therefrom.

Counsel for the plaintiff contends that the instruction was warranted under the rule announced in the case of *Choctaw, Oklahoma & Gulf Rd. Co.* v. *Jones*, 77 Ark. 367. But in that case the court was discussing the law applicable to an essentially different state of facts. There the court, in considering a case where the danger was brought about by the negligence of the master, said:

"The plea of the master that the servant assumed the risk is met in such a case by the answer that the danger arose from the master's own negligence, which is not one of the risks assumed by the servant. This being so, the master, to make good his defense of assumed risk, must go further, and show that the servant voluntarily subjected himself to the new danger with full knowledge and appreciation thereof; for such risk constituted an addition to those ordinarily incident to the service, and there is no presumption that he had knowledge of or assumed it." Continuing, the court said, at page 376: "But plaintiff in this case exposed himself to the danger in obedience to an order of the foreman. As the danger was brought about by the negligence of the foreman, before it can be said, as a matter of law, that plaintiff assumed the risk thereof by the mere fact that he went ahead with his work, it must be shown that when he did so he knew and appreciated the danger to which he exposed himself by doing the work."

In the case of *St. Louis, I. M. & S. Ry. Co.* v. *Corman*, 92 Ark., at page 108, the court said: "An employee by his contract of service impliedly agrees to assume and bear the risk of all

dangers from the ordinary incidents of the service, but these do not include the dangers arising from negligent acts of his employer, unless, after he becomes aware of such negligence and appreciates the danger arising therefrom, he exposes himself to it by continuing in the service. Of course, if a person of ordinary intelligence is aware of a danger, he is presumed to appreciate it; but it does not necessarily follow that because one becomes aware of a negligent act he appreciates the danger arising therefrom."

The difference in the two classes of cases is this: Where a servant is ordered by his master to do an act, he can not be said to have assumed the risk of the unusual peril to which he is subjected unless he knows and appreciates the danger, or unless such danger is obvious for the reason that in such cases the servant has a right to assume that he is not sent into any unusual peril. But where the servant is not working under the direct supervision of the master, and where the defects connected with the service are open and obvious alike to the master and servant, and the servant of his own volition continues in the service, he assumes the risk.

In such a case it can not be said that the servant knows of the danger, but yet does not appreciate it.

In the present case, it appears from the record that the plaintiff was a miner of many years' experience. He was familiar alike with the necessity for propping the roof of the mines, the methods employed in doing so, and the dangers incident to insufficient or defective props, and certainly it can not be said that he knew the rock was in a dangerous condition, and yet did not appreciate the danger to himself in passing under it. He might have known of the condition of the rock, without appreciation of the fact that its condition was dangerous; but it can not be said that he knew it was dangerous, and did not appreciate the danger.

We think the instruction was misleading and prejudicial, and that the court erred in giving it. We call attention to the fact that other instructions are open to the same objection, in order that they may be corrected upon a retrial of the case.

2. It is also contended by counsel for defendant that the court erred in refusing to give at his request the following instruction:

"12.  If the evidence shows that the accident was not caused by reason of the roof or rock which fell not being suitably propped, but was caused by a lump of coal which projected over the side of the car which struck the prop and knocked it down, thereby causing the rock to fall, then plaintiff is not entitled to recover under his complaint in this action."  This should have been given.

"It is error to refuse to give a specific instruction clearly applying the law to the facts of the case, even though the law in a general way is covered by the charge given, unless it appears that prejudice has not resulted."  *Western Coal & Mining Co.* v. *Buchanan,* 82 Ark. 499, and cases cited.

It was the theory of the defendant that the accident was caused by a lump of coal which projected over the side of the car, and which struck the prop and knocked it out, thereby causing the rock to fall.  Evidence was adduced by it at the trial to sustain this contention, and defendant had a right to have this theory of the case presented to the jury in a concrete form.

3.  The court modified instructions No. 3, asked by defendant, by striking out that part of it which in effect told the jury that negligence on the part of the defendant could not be inferred merely from the occurrence of the accident.  While it is true that, in the absence of a statute to that effect, no presumption of negligence arises from the fact that the plaintiff was injured (see *St. Louis & S. F. Rd. Co.* v. *Wells,* 82 Ark. 372; *Fordyce* v. *Key,* 74 Ark. 19; *St. Louis & S. F. Rd. Co.* v. *Hill,* 79 Ark. 76), yet we would not reverse the judgment in the present case on account of the court striking out of the instruction the words in question because the omitted part was given to the jury in other parts of the court's charge; and it was useless to repeat it in the instruction asked.

4.  In view of the retrial of this case, we desire to call attention to a matter that seems to have been overlooked in the former trial.  It was the contention of the defendant that it had delegated to the plaintiff the duty to inspect the track and entries, and make the same safe, or to report their unsafe condition to the mine foreman.  This theory of the defendant was ignored in the instructions given by the court, and in respect to this omission we call attention to the case of *Southern An-*

*thracite Coal Co.* v. *Bowen,* 93 Ark. 140. The plaintiffs were injured by the fall of a cage in a shaft of defendant's mine. The plaintiffs alleged that the injury was caused by the defendant's failure to securely fasten the wire cable that held the cage. The defendant contended that it had delegated to one of the plaintiffs the duty of fastening the cable or wire rope. The court held that one of the instructions was erroneous and prejudicial to the rights of the defendant because it ignored the evidence of the defendant tending to prove that it was the duty of one of the plaintiffs to fasten the wire rope, and said:

"If appellant (defendant) deputed to Thrasher (plaintiff) the duty of making the wire rope secure, and he neglected to perform this duty, he assumed the risk of injury from his negligence in failing to discharge the duty imposed on him, and the master is not liable to him for the injury resulting." See also *St. Louis, I. M. & S. Ry. Co.* v. *Rogers,* 93 Ark. 564.

5. It is also contended by counsel for defendant that the evidence does not support the verdict; but, in view of a retrial of the case, it is sufficient to say that we do not agree with his contention, and are of the opinion that the evidence warrants the verdict.

For the errors indicated, the judgment must be reversed, and the cause remanded for a new trial.