GUERIN CONTRACTORS, INC. *v.*
John REAVES, d/b/a REAVES
FOOD CENTER

CA 80-217                                    606 S.W. 2d 143
Court of Appeals of Arkansas
Opinion delivered October 15, 1980

*Highsmith, Gregg, Hart & Farris*, by: *John C. Gregg*, for appellant.

*Hodges, Hodges & Hodges*, by: *Kaneaster Hodges, Jr.*, for appellee.

ERNIE E. WRIGHT, Chief Judge. This appeal is from a judgment against appellant pursuant to a jury verdict in an action for damages in the Jackson County Circuit Court.

Appellee owns a grocery store in Newport, and appellant was the contractor in the reconstruction of a segment of a state highway upon which appellee's store is situated. As a result of the road construction by appellant under contract

with the Arkansas State Highway Department, the highway providing access to appellee's store was closed from July 15, 1977, until noon July 22, 1977, and for several days thereafter the road was in poor condition for travel. No advance notice was given to appellee of the road closing. There was an alternate access to appellant's store from a street to the rear, but the access was inadequate, inconvenient and the store was without reasonable customer parking while the normal access to the store via the highway was closed. As a result of the closing of the highway the evidence shows appellee suffered substantial damages from loss of sales and profits, loss of customers for several weeks after reopening of the road and spoilage of perishables. The amount of damages is not an issue on appeal.

Appellant contends the trial court erred in refusing to give appellant's requested instruction No. 11 which is as follows:

A contractor's compliance with the plans and specifications prepared by the highway department cannot be deemed to constitute negligence.

The court gave numerous other instructions to which no objection was made, and among the instructions was one that told the jury the plaintiff below had the burden to prove he sustained damages, that appellant was negligent and that such negligence was a proximate cause of the damages.

The issue was not whether the final construction was in compliance with plans and specifications of the highway department, but rather whether appellant was negligent in failing to pursue a method of construction that would have avoided closing the road. The court did not err in refusing to give appellant's instruction No. 11. The instruction is abstract and is incomplete in that it fails to explain appellant is liable for damages resulting from negligence in performing the contract.

If damages are suffered as a result of the performance of a construction contract for the state or a political subdivision, and the damages result from something inherent in the

design and specifications required by the public agency, the contractor is not liable unless he is negligent or guilty of a wrongful tort. *Southeast Construction Co. v. Ellis*, 233 Ark. 72, 342 S.W. 2d 485 (1961). The theory is that a contractor for a public agency shares the sovereign immunity of the public body from liability for incidental damages necessarily involved in the performance of the contract. 64 Am Jur. 2d Public Works and Contracts, § 135. However, this rule does not protect a contractor who performs work in a negligent manner resulting in damages to others.

Appellant further contends the trial court erred in failing to direct a verdict in favor of appellant and that there is no substantial evidence to support the jury verdict.

The evidence shows the segment of road in front of appellee's store and customer parking lot was old concrete, and the job required removal of the old road surface. Removal of the old surface was started on July 13, 1977. It was promptly discovered the base under the old surface was mucky and unstable, and the highway department directed that the old base be cut out and the area backfilled with a new base of gravel and other stable material. This was deemed extra work under the contract for which appellant would be compensated.

The contract contained a provision requiring the contractor to keep the highway open to all traffic during construction and to maintain in a safe condition temporary approaches and intersections with streets, businesses and parking lots. At the instance of appellant this provision was excluded from consideration by the jury, and the case was submitted upon the issues of negligence and damages. However, we point out the provision clearly called appellant's attention to his responsibility to keep the road open to traffic during construction, and this requirement was doubtless a factor considered in submitting the contract bid. It would no doubt be less expensive to rebuild the road if the road was closed to traffic during reconstruction.

The evidence shows a common method for keeping a road under reconstruction open to traffic is to perform the

construction on one side of the road while leaving the other side intact for travel. When one side of the road is reconstructed so that travel can be resumed upon it, the remaining side of the road can then be rebuilt. Appellant, although not required by the contract to do so, elected to remove the old hard surface the full width of the road in one operation. The contractor then began removing the exposed unstable base. Traffic was still flowing on Friday, July 15. However, that night when only a small amount of backfill for the road was installed, a substantial rain filled the cutout areas of the road and the water and unstable base prevented use of the road. The contractor closed the road on July 16 and it was not reopened for traffic until noon July 22. Under the conditions that existed on the morning of July 16, the Highway Department's engineers agreed the road should be temporarily closed to traffic. A detour was arranged allowing traffic to detour via a street behind appellee's store, but there was no feasible access to parking for store customers.

Upon considering the evidence as a whole we conclude a jury could reasonably believe appellant could have avoided the road closure and resulting damages to appellee by exercising proper care and skill in the method pursued in rebuilding the road, that appellant was negligent and appellee suffered damages as a result of appellant's negligence.

If the weather had continued dry after July 15, perhaps appellant could have rebuilt the road by the method it chose to use without closing it to traffic, and appellant might well have saved money by removing the full width of the old pavement in one operation. However, the possibility of rain and the results that might follow were matters reasonably foreseeable and should have been considered in determining the method to be followed in performing the contract. It is the province of the jury to pass on the weight of the evidence, and when the sufficiency of the evidence is challenged on appeal we will not disturb the finding of the jury if there is any substantial evidence to support it. *Oliver* v. *Fletcher*, 239 Ark. 724, 393 S.W. 2d 775 (1965).

From a review of the record we conclude there is substantial evidence to support the jury verdict for appellant.

Affirmed.