Roger PICKLER and Marilyn PICKLER d/b/a
VIKING REALTY & DEVELOPMENT COMPANY *v.*
John FISHER and Marlene FISHER

CA 82-192                           644 S.W.2d 644

Court of Appeals of Arkansas
Opinion delivered January 26, 1983

126

*Bill W. Bristow, P.A.,* of *Seay, Bristow & Rees,* for appellants.

*Dennis Zolper,* for appellees.

GEORGE K. CRACRAFT, Judge. Roger Pickler and Marilyn Pickler appeal from a jury verdict awarding John Fisher and Marlene Fisher damages for breach of an implied warranty of good workmanship and fitness for habitation of a new home constructed by the Picklers, contending that adequate notice of all defects was not given them before trial. During the course of the construction of the dwelling certain changes were made in the plans and specifications for which the contractors claimed additional compensation, the amount of which was in dispute. On April 23, 1980 the appellees moved into the house. There was evidence that before April 23rd appellees had pointed out certain defects in construction to the appellants and that within a few days after April 23rd other defects were made known to the appellants. According to the appellees they had no response from the appellants to these complaints and on June 19, 1980 appellees sent a letter to the appellants which listed eight specific defects and demanded that they be corrected "before the date of closing." These defects were not corrected and, according to the appellees, they received no response to that letter. The appellees then filed this action on July 20, 1980 seeking a declaratory judgment as to the amount due under the contract as a result of the dispute in charges made for changes and additionally sought to recover under their implied warranty of fitness for the defects in workmanship. That complaint listed nineteen such defects including those

listed in the letter of June 19th. It sought damages for the breach in the amount of $20,000.

The appellants denied any breach of warranty and asked for judgment of $13,590.06 for the additional work and materials required by changes made during the course of construction.

The case was tried before a jury on January 11, 1982. At the trial the appellees offered proof as to cost of curing thirty-six defects over the objection of the appellants who argued that the proof of damages should be limited to the eight specific defects for which written notice had been given on June 19th. The jury returned a verdict in favor of the appellees for the breach of warranty of fitness in the amount of $14,029.45 and for the Picklers for compensation for extra work of $1,383.19. Appellees do not appeal.

The appellants do not question that they were aware of some of the complaints at the time appellees took possession; that they received the written notice on June 19th listing eight such defects or that the complaint listed eleven more defects for workmanship. Nor do they contend that the initial notice of June 19th was not given within a reasonable time. They contend only that in an action based on an implied warranty on the sale of new housing, the purchaser is required to give timely notice of each and every defect complained of and upon failure to do so will have waived any defects not contained in a timely written notice. The narrow issue before us is the extent of such notice required to be given as a prerequisite to an action by a buyer for breach of implied warranty for workmanship and fitness against a builder-vendor.

Both parties argue that the principles announced in *Wawak* v. *Stewart*, 247 Ark. 1093, 449 S.W.2d 922 (1970) and those cases following it are applicable to this case. In *Wawak* the court declared that the rule of *caveat emptor* no longer applies to the sale of new housing by a vendor-builder and that there is an implied warranty in such a transaction that the house is constructed in a workmanlike manner and is fit for human habitation. This implied warranty extends to all

integral parts and systems of the house where the breakdown is tied to its design or installation. There is no material difference in the rules to be applied where the purchaser supplied the plans for the construction when there is poor workmanship or faulty design in the implementation of those plans by the builder. *Coney* v. *Stewart,* 263 Ark. 148, 562 S.W.2d 619 (1978); *Daniel* v. *Quick,* 270 Ark. 528, 606 S.W.2d 81 (Ark. App. 1980). None of those cases addressed the question of the extent of the notice of a breach of warranty which must be communicated to the seller. They indicate only that the waiver of such defects is a question of fact to be determined by the circumstances of each case and that payment and occupancy of the premises without more does not constitute a waiver as a matter of law.

The appellant argues that the proper rules to apply with regard to notice are those provided for in similar commercial transactions in Ark. Stat. Ann. § 85-2-607 (3) (a) (Add. 1961) which provides that where tender has been accepted the buyer must within a reasonable time after he has or should have discovered any breach notify the seller of a breach or be barred from any remedy. As it is apparent from a reading of *Wawak* that the judicially declared implied warranties created by it were motivated by a desire to equalize the indefensible contrast between the rules of law applicable to the sale of personal property and those applicable to the sale of real property, it is not inappropriate to look to the law governing the sales of chattels for guidance in this case. The comment to § 85-2-607 contains the following:

> The content of the notification need merely be sufficient to let the seller know that the transaction is still troublesome and must be watched. There is no reason to require that the notification which saves the buyer's rights under this section must include a clear statement of all of the objections that will be relied on by the buyer, as under . . . Ark. Stat. Ann. (§ 85-2-605 [2]). Nor is there reason for requiring the notification to be a claim for damages or of any threatened litigation or other resort to a remedy. The notification which saves the buyer's rights under this Article need only be

such as informs the seller that the transaction is claimed to involve a breach, and thus opens the way for normal settlement through negotiation.

While we do not declare that the provisions of the Uniform Commercial Code govern all cases involving breach of warranty as to new housing, we do find that the standard set out there is a reasonable one for application to the case now under review. We do declare that in such cases the buyer is not required to list each and every objection that he would rely on as constituting the breach. Notification in such cases need only be with sufficient clarity to apprise the vendor-builder that a breach of implied warranty is being asserted and to give him sufficient opportunity to inspect the premises and correct the defects. The sufficiency of the notice and whether it was given within a reasonable time are ordinarily questions for a jury to determine.

In such cases it is proper for the trier of fact to consider the superior position of the builder in determining the extent of a defect, the need for correcting it and the consequences of failing to do so. Here, there is evidence that prior to the date appellees took possession there were leaks in the basement wall and other defects which appellees testified had been brought to appellants' attention. The notification of June 19th listed those defects and contained others, including leaks in other places. According to the testimony of the appellees some of those defects about which he testified were not "new ones" but "progressions of old ones" which resulted from failure to correct the original ones. We cannot conclude that the court erred in submitting these issues to the jury.

Affirmed.