Charles BULL *v.* Robert BRANTNER et ux

CA 83-69                                              662 S.W.2d 476

Court of Appeals of Arkansas
Division I
Opinion delivered January 11, 1984

*Taylor, Vandergriff & Morris,* by: *William T. Morris,* for appellant.

*Jack Skinner,* for appellees.

Tom Glaze, Judge. This appeal arises from a jury verdict of $10,000 in appellees' action for breach of an implied warranty of fitness and habitability on appellees' home. The appellant builder raises three issues.

Appellant first contends appellees did not give adequate notice of all of the claimed defects. We considered this same issue in *Pickler* v. *Fisher,* 7 Ark. App. 125, 644 S.W.2d 644 (1983), and we find that case dispositive here. The Picklers constructed a home which they sold to the Fishers. The Fishers first complained orally to the Picklers about alleged defects in the home; they next sent a letter setting out eight specific defects; they then filed an action listing nineteen defects in the complaint. At trial, over the Picklers' objections, the Fishers presented proof on thirty-six defects. The jury gave a verdict for the Fishers. The Picklers contended on appeal to this Court that in an action based upon an implied warranty on the sale of new housing, the purchaser is required to give timely notice of each and every claimed defect and that failure to do so results in a waiver of any defects not contained in a timely written notice. We said:

> We do declare that in such cases the buyer is not required to list each and every objection that he would rely on as constituting the breach. Notification in such cases need only be with sufficient clarity to apprise the vendor-builder that a breach of implied warranty is being asserted and to give him sufficient opportunity to

inspect the premises and to correct the defects. The sufficiency of the notice and whether it was given within a reasonable time are ordinarily questions for a jury to determine.

*Id.* at 129, 644 S.W.2d at 646.

In the case at bar, the appellees testified that they personally apprised the appellant that defects existed from the time they moved into the house in July, 1979, until the appellant stopped taking or returning their phone calls. By letter dated January 4, 1980, appellees' attorney set out the appellees' complaints about defects in the siding on the house. Appellant admittedly did not respond to that letter. Appellees filed a complaint on May 8, 1981, in which they listed nine specific defects "plus other numerous defects or damages resulting from said defects." Whether the appellees' notice to appellant was sufficient and was given within a reasonable time were questions for the jury to determine. The jury decided those questions against the appellant, and we find substantial evidence to support the jury's decision.

Appellant's second point for reversal concerns the testimony of appellees' expert witness, Fred Hop. Appellant alleges the trial court erred in not striking Hop's testimony in its entirety because Hop did not testify with certainty either about which work constituted a breach or to the amount of damages.

At trial, appellant cross-examined Hop extensively regarding his value testimony, and he continues to disagree with Hop's assessment of costs here. As appellee points out in his argument, the jury did not accept Hop's total assessment of the damages since it awarded an amount different from that given by Hop. Of course, it is the province of the jury to pass on the weight of the evidence, and when the sufficiency of the evidence is challenged on appeal, we will not disturb the finding of the jury if there is any substantial evidence to support it. *Guerin Contractors, Inc.* v. *Reaves,* 270 Ark. 710, 606 S.W.2d 143 (Ark. App. 1980). In *Taylor* v. *Green Memorial Baptist Church,* 5 Ark. App. 101, 633 S.W.2d 48 (1982), we also stated that when the cause

and existence of damages have been established by the evidence, recovery will not be denied merely because the damages are difficult to ascertain. From our review of the record, we believe Hop's testimony was sufficient with respect to defects and repair costs to enable the jury to establish the amount of damages.

Appellant's counsel initially objected to the qualifications of Hop as an expert because he had not constructed houses of the type in question. After appellant's counsel was permitted to *voir dire* Hop, the judge ruled that Hop was qualified, finding that the weight and credibility of his testimony would be left to the jury to determine. In this appeal, appellant does not challenge the judge's ruling on Hop's qualifications. Thus, once the trial court determined Hop qualified as an expert, he was entitled to testify in the form of an opinion or otherwise. Unif. R. Evid. 702; *Hay* v. *Scott,* 276 Ark. 46, 631 S.W.2d 841 (1982). Furthermore, as an expert, Hop was permitted to testify in terms of opinion or inference, giving his reasons without prior disclosure of underlying facts or data; he was required, however, to disclose the underlying facts or data on cross-examination. That is exactly what occurred at trial. Hop testified at length to the numerous, specific defects he found in the construction of appellant's house, and he stated how each defect should be repaired, assigning an estimated cost for the repair.

In his third point, appellant, citing Arkansas Rule of Civil Procedure 26(e), asserts that appellee knowingly concealed certain defects and costs information by failing to amend his prior responses to interrogatories propounded by appellant. In examining the record, we fail to find where appellant raised any issue concerning a knowing concealment by appellee, and we do not consider assignments of error raised for the first time on appeal. *McIlroy Bank & Trust* v. *Seven Day Builders of Arkansas, Inc.,* 1 Ark. App. 121, 613 S.W. 2d 837 (1981). At one point in the trial, appellant's counsel did object to Hop's testifying "into areas that have not been raised in the complaint nor in the interrogatories propounded." Specifically, Hop testified that appellant improperly installed an interior door located

inside the garage. Appellant objected that there was nothing in the pleadings about a door in the garage and he was "not prepared to defend against this sort of thing." Appellant's objection, as posed, actually relates to his first contention and our conclusion is the same — appellees were not required to list each and every defect and the sufficiency and timeliness in apprising appellant of the defects were questions to be decided by the jury.

Affirmed.

MAYFIELD, C.J., and COOPER, J., agree.